UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATA TREASURY CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:05-CV-291 |
| WELLS FARGO & COMPANY, WELLS FARGO BANK, NATIONAL ASSOCIATION, | § § § § § | |
| Defendants. | § § | |

## WELLS FARGO DEFENDANTS' MOTION TO STAY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID FOLSOM:

1. Plaintiff Data Treasury Corporation ("DTC") did not serve this suit on Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") until September 2005. DTC alleges infringement of U.S. Patent Nos. 5,910,988 and 6,032,137 ("the Ballard patents"). Wells Fargo respectfully moves the Court to stay proceedings in this case pending the reexamination of the Ballard patents currently underway at the United States Patent & Trademark Office ("PTO"). There are ten DTC lawsuits before the Court involving the Ballard patents in which the defendants have appeared and answered or otherwise responded. The defendants in all of these cases have filed or are expected to file motions to stay proceedings pending the PTO's reexamination. The nature and likely timing of the PTO's reexamination process has been thoroughly described in motions to stay filed in other cases including *Data Treasury Corporation v. Bank of America Corporation et al.*, No. 2-05-CV-00292; and *Data Treasury Corporation v. Wachovia Corporation*, No. 2-05-CV-00293.[1] The gist of it is: Having

---

[1] The PTO reexamination is also one basis for motions to stay filed in *DTC v. Viewpointe Archive Services, L.L.C.*, No. 2-05-CV-290; *DTC v. Small Value Payments Co.*, No. 2-04-CV-85; and *DTC v. First Data Corporation*

ordered reexamination on all 93 claims of the Ballard patents, the PTO is likely to require amendment of one or more claims of both Ballard patents, and the entire process is likely to be concluded in eighteen months or less. Virtually any amendment of the Ballard patent claims will significantly affect the discovery the parties do, the claims construction briefing, the invalidity and noninfringement arguments, and the parties' trial preparation generally. Of greater concern is the vast amount of time the Court will have to devote to pretrial matters in this case, even if it is not tried before the PTO's reexamination is complete. If claims of the Ballard patents are required to be amended in any meaningful way -- which appears likely -- the Court's work and the parties' will have to be repeated.

2. DTC did not serve its complaints on Wells Fargo, Bank of America, or Wachovia until September 2005. A docket control order was not entered in this case until January 3, 2006. That Order schedules a final pretrial conference on October 1, 2007. The sum total of what has been done to date in this case is that DTC has served, electronically, the same preliminary infringement contentions and disclosures used in previous cases and the same documents produced in previous cases. While Wells Fargo already has expended considerable time and resources collecting potentially discoverable documents, an enormous amount of work remains to be done. No depositions have been taken or scheduled, and claims construction briefing has not begun.

3. DTC should admit, in all candor, that it will not be unduly prejudiced by a delay of this case. If anything, DTC should be thankful that its resources and those of its counsel will be conserved by a stay pending the results of the PTO's reexamination. The prospect of prosecuting ten lawsuits set for trial in the next two years under the shadow of likely amendment

---

*et al., No. 5-03-CV-39.* To save space, Wells Fargo adopts and incorporates by reference descriptions of the PTO proceedings contained in these motions and PTO documents attached to them.

of the underlying patent claims is daunting indeed. Despite any protestations to the contrary, DTC is much closer to the beginning than the end of its litigation with Wells Fargo of the Ballard patents.

4. The legal standard for a stay has been exhaustively briefed by defendants in other DTC cases, and will not be repeated here. Obviously this Court's judgment in managing its docket is paramount and unassailable. That a stay pending reexamination would simplify the issues, however, is beyond dispute. This case is in its infancy, with no depositions taken or other significant discovery completed. Trial has not been scheduled; rather, only a pretrial conference has been scheduled, and that for October 2007, eighteen months away. As DTC is not an operating company but an incorporated litigant, the only disadvantage it suffers from a stay is inability to inflict continued and unproductive litigation expense on its adversaries, in hopes of extorting settlements. DTC cannot complain of delay caused by the proper functioning of the PTO, by whose authority DTC first secured the rights it seeks to vindicate.

5. Accordingly, Wells Fargo prays that (1) the Docket Control Order dated January 3, 2006, be vacated; (2) this case be administratively closed pending the outcome of the PTO's reexamination of the Ballard patents; and (3) the parties report to the Court on a date to be determined about the status of the PTO's reexamination.

**WELLS FARGO DEFENDANTS' MOTION TO STAY – Page 3**
DALDMS/568543.1

Respectfully submitted,

By: /s/ W. Barton Rankin
   Brian J. Hurst, Attorney-in-Charge
   Texas Bar No. 10313300
   John G. Flaim
   Texas Bar No. 00785864
   Jay F. Utley
   Texas Bar No. 00798559
   Richard V. Wells
   Texas Bar No. 24033326
   W. Barton Rankin
   Texas Bar No. 24037333

   BAKER & McKENZIE LLP
   2300 Trammell Crow Center
   2001 Ross Avenue
   Dallas, Texas 75201
   Telephone: (214) 978-3000
   Facsimile: (214) 978-3099

   ATTORNEYS FOR DEFENDANTS
   WELLS FARGO & COMPANY AND
   WELLS FARGO BANK, N.A.

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 23, 2006, I conferred with Karl Rupp, an attorney of record representing the Plaintiff in this lawsuit, regarding the substance of this motion. Mr. Rupp stated that Plaintiff was opposed to the relief sought herein.

/s/ Brian J. Hurst
Brian J. Hurst.

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March 2006, a true and correct copy of Wells Fargo Defendants' Motion to Stay was forwarded to the following counsel of record electronically pursuant to Local Court Rule 5(a)(3)(A):

>Edward L. Hohn
>Nix Patterson & Roach, L.L.P.
>205 Linda Drive
>Daingerfield, Texas 75638
>Telephone: (903) 645-7333


>/s/ W. Barton Rankin
>W. Barton Rankin