# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION § <br> *PLAINTIFF* § <br> § <br> vs. § <br> § <br> WELLS FARGO & COMPANY, *ET AL.* § <br> *DEFENDANTS* § <br> § | Civil Action No. 2:05cv291 <br><br> Judge David Folsom |

**MOTION OF ELECTRONIC DATA SYSTEMS CORP. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' MOTION TO STAY**

Electronic Data Systems Corp. ("EDS")[1] moves for leave to file a two-page brief as *Amicus Curiae* in support of Defendants' Motion to Stay, set for hearing in this Court on Wednesday, January 10. The sole purpose of the *amicus* brief is to propose that the Court add a clarifying proviso to the stipulation Ordered in *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06cv72-DF ("'06 case"), that any Defendant who wishes a stay will not subsequently challenge the Ballard patents' validity based on prior art publications considered in the reexamination process. The clarification EDS requests concerns whether this stipulation applies if a Defendant asserts, for example, a challenge of obviousness based on a combination of a piece of prior art not considered in the reexamination—such as a prior art device that the PTO is precluded from considering during reexamination—with a printed publication that was considered in the reexamination. EDS believes that the stipulation should not be read to cover obviousness challenges based on such combinations. EDS, therefore, requests that the Court clarify that the terms of its stipulation do not apply to combinations of art considered in the reexamination with

---

[1] EDS has no parent corporation, and no publicly held corporation owns more than 10% of EDS stock.

art that was not so considered.

## I. EDS Has an Interest in the Outcome of Defendants' Motion to Stay.

EDS is a Defendant in the '06 case. Like Defendants in this case ("'05 case"), EDS stands accused in the '06 case of infringing U.S. Patent Nos. 5,910,988 and 6,032,137 (collectively, "Ballard patents"). Also like Defendants in this case, EDS moved the Court in the '06 case to stay litigation of the Ballard patents pending their reexamination by the United States Patent & Trademark Office ("PTO"). Because the Court's resolution of Defendants' Motion to Stay in this case could potentially impact the Court's approach to the stay issue in the '06 case, EDS has an interest in the outcome of Defendants' Motion.

## II. EDS Proposes a Clarification That Will Increase Fairness and Judicial Economy.

In the '06 case, this Court recently entered an Order staying litigation of the Ballard patents pending their reexamination on condition that Defendants enter the following stipulation:

> The parties agree that the stay will be granted only on condition that [an individual defendant] agrees not to challenge United States Patent Numbers 5,910,988 and/or 6,032,137 based on any prior art printed publications that were considered in the reexamination process.

*Wells Fargo*, No. 2:06cv72-DF (Dkt. No. 326).

On the assumption that the Court is considering entering a similar Order in the '05 case, EDS proposes that the Court make a slight but significant clarification to the required stipulation—namely, to append to the stipulation the following sentence:

> [An individual defendant] will be permitted to rely for obviousness on the combination of a printed publication reference that was considered in the reexamination with prior art that was not so considered.

EDS believes that the current stipulation should not be read to ban the subsequent use, for obviousness purposes, of prior art that was not considered by the PTO in combination with references that were so considered in the reexamination. Nevertheless, EDS is concerned that, if

a Defendant accepts the stipulation and the patents survive the reexamination, Plaintiff will attempt to expand the scope of the stipulation. Such uncertainty and the prospect of a future fight around the scope of the stipulation creates a chilling effect with respect to acceptance of the stipulation. Providing clarification on this issue now therefore increases fairness, as it will enable Defendants to more accurately weigh the anticipated costs and benefits of entering the stipulation. As EDS, and probably other Defendants, would accept the clarified stipulation, the clarification would also serve the purposes identified by the Court as weighing in favor of staying the Ballard-patent claims pending their reexamination.

Moreover, if the patents survive reeamination and the litigation resumes after a stay, this very issue will likely need to be resolved either before discovery or at trial. Clarifying the stipulation's reach now will increase efficiency: it will help frame the scope of discovery, and will better enable the parties to prepare for any subsequent trial.

Because Defendants' in the '05 case have not proposed such a modification to the stipulation entered in the '06 case, EDS believes that its perspective could prove helpful to Court in resolving Defendants' Motion to Stay.

For these reasons, EDS respectfully requests that the Court grant its motion for leave to file the attached two-page brief as *Amicus Curiae* in support of Defendants' Motion to Stay.

DATED: January 8, 2007                      Respectfully submitted,

                                                 McKOOL SMITH, P.C.

                                                 /s/ Theodore Stevenson
                                                 Theodore Stevenson, III, Lead Attorney
                                                 Texas State Bar No. 19196650
                                                 tstevenson@mckoolsmith.com
                                                 Garret W. Chambers

Texas State Bar No. 00792160
gchambers@mckoolsmith.com
L. David Anderson
Texas State Bar No. 00796126
danderson@mckoolsmith.com
Joel L. Thollander
Texas State Bar No. 24033384
jthollander@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopy: (214) 978-4044

COUNSEL FOR AMICUS
ELECTRONIC DATA SYSTEMS CORP.

**CERTIFICATE OF CONFERENCE**

This is to certify that on January 8, 2007, I conferred with Plaintiff DataTreasury Corporation's counsel Mr. Anthony Bruster, and with Defendants' counsel Mr. Brian McCormack. Mr. Bruster stated that Plaintiff opposes the substantive relief sought by EDS, but does not oppose the filing of the attached brief. Mr. McCormack stated that Defendants do not oppose the filing of the attached brief.

/s/ Joel L. Thollander
Joel L. Thollander

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ Joel L. Thollander
Joel L. Thollander