# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION<br>*PLAINTIFF*<br><br>vs.<br><br>WELLS FARGO & COMPANY, *ET AL.*<br>*DEFENDANTS* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:05cv291<br><br>Judge David Folsom |

## BRIEF OF ELECTRONIC DATA SYSTEMS CORP. AS AMICUS CURIAE IN SUPPORT OF DEFENDANTS' MOTION TO STAY

The stay-related stipulation Ordered by this Court in the related case of *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06cv72-DF ("'06 case") (Dkt. No. 326), may be subject to ambiguity concerning the scope of its coverage. Because clarifying the stipulation's reach prior to trial will promote efficiency and fairness, EDS requests that the Court add a proviso to the stipulation that conclusively confirms that stipulating Defendants will remain free to make obviousness challenges based on the combination of a printed publication reference that was considered in the reexamination with prior art that was not so considered.

**BACKGROUND:** On October 25, 2006, this Court entered an Order in the '06 case staying litigation of U.S. Patent Nos. 5,910,988 and 6,032,137 (collectively, "Ballard patents") pending their reexamination on condition that Defendants enter a stipulation agreeing

> not to challenge [the Ballard patents] based on any prior art printed publications that were considered in the reexamination process.

*See Wells Fargo*, No. 2:06cv72-DF (Dkt. No. 326). Before the Court in this case is Defendants' motion requesting a stay of the Ballard patents based on the same reexamination of those patents.

**ARGUMENT:** The '06-case stipulation clearly precludes subsequent challenges to

-2-

the Ballard patents' validity on the grounds that they were anticipated by individual references actually considered in the reexamination. But what about a challenge that the patents were obvious in view of a combination of references, one of which was individually considered in the reexamination, and the other of which was not? EDS believes that the stipulation should not be read to preclude such an obviousness challenge. Nevertheless, there appears to be room for dispute on this issue as the stipulation is currently written. And where there is room for dispute, dispute is likely to arise.

To minimize the chances of a post-reexamination dispute over the scope of the stipulation, to promote efficiency in preparing for any subsequent trial, and to increase fairness for Defendants weighing the costs and benefits of entering the stipulation, the Court should consider appending the following sentence to the '06-case stipulation:

> [An individual defendant] will be permitted to rely for obviousness on the combination of a printed publication reference that was considered in the reexamination with prior art that was not so considered.

Adding this sentence to the stipulation would beneficially clarify its scope in relation to subsequent obviousness challenges. And clarifying the stipulation's reach now—rather than later at trial—will increase efficiency by framing the proper scope of discovery and better enabling the parties to prepare for a subsequent trial. Providing clarification now will also increase fairness by facilitating Defendants' ability to accurately weigh the anticipated costs and benefits of choosing to enter the stipulation.

**CONCLUSION:** For these reasons, the Court should offer a modified stipulation that would conclusively confirm that stipulating Defendants will not be precluded from making an obviousness challenge based on the combination of a reference that was considered in the reexamination with prior art that was not so considered.

-3-

DATED: January 8, 2007

Respectfully submitted,

McKOOL SMITH, P.C.

/s/ Theodore Stevenson
Theodore Stevenson, III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Garret W. Chambers
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
L. David Anderson
Texas State Bar No. 00796126
danderson@mckoolsmith.com
Joel L. Thollander
Texas State Bar No. 24033384
jthollander@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopy: (214) 978-4044

COUNSEL FOR AMICUS
ELECTRONIC DATA SYSTEMS CORP.

-4-

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ Joel L. Thollander
Joel L. Thollander