# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., <br> Plaintiff, <br> v. <br> WELLS FARGO & CO., et al. <br> Defendants. | § § § § § | 2:05-CV-291-DF |
| DATATREASURY CORP., <br> Plaintiff, <br> v. <br> BANK OF AMERICA CORP., et al. <br> Defendants. | § § § § § | 2:05-CV-292-DF |
| DATATREASURY CORP., <br> Plaintiff, <br> v. <br> WACHOVIA CORPORATION, et al. <br> Defendants. | § § § § § | 2:05-CV-293-DF |

## ORDER

The Court held a hearing on January 10, 2007, concerning the various Defendants' Motions for Stay. *See* Civil Action No. 2:05-CV-291, Dkt. No. 29; Civil Action No. 2:05-CV-292, Dkt. No. 33; Civil Action No. 2:05-CV-293, Dkt. No. 33. At the hearing the Court issued an oral order granting the stay pending reexamination by the PTO. This Order hereby reaffirms the Court's oral order and instructs the parties to enter into the stipulation as follows.

### (I) Discussion

Defendants' moved the Court to stay this litigation pending the PTO's reexamination of the patents in suit. The PTO recently rejected all 93 claims in the two patents. At the present time, the PTO is in the process of reviewing its decision pending final office action. In the interest of judicial

economy, the preservation of judicial resources, and the avoidance of unnecessary costs on the parties, the Court hereby GRANTS the Defendants' respective motions to stay. However, this Order is conditioned on the Defendants' entering into the stipulation proposed by Defendants' at the January 10, 2007 hearing.**(II) Conclusion**

Accordingly, it is hereby

**ORDERED** that within seven (7) days rom the date of entry of this Order the Defendants shall either (1) file with the Court a signed copy of the following stipulation proposed by the Defendants at the January 10, 2007 hearing, or (2) notify the Court in writing of their decision not to sign the following stipulation:

> As a condition of the stay, Defendant may not argue invalidity at trial based on one or more prior art printed publications that were submitted by the petitioner in the reexamination proceedings. However, Defendant will be permitted to rely for obviousness on the combination of printed publication reference that was submitted by petitioner in the reexamination with prior art that was not so submitted.

**ORDERED** that as to each Defendant entering into the stipulation, a stay of all proceedings shall ensue.

It is so **ORDERED**.

**SIGNED this 10th day of January, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE